**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000776
04-AUG-2026
07:47 AM
Dkt. 72 SO**

NO. CAAP-24-0000776
(CONSOLIDATED WITH NO. CAAP-25-0000049)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellant, v.
JUSTIN BONDAUG-BALUCAN, Defendant-Appellee.


APPEALS FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NOS. 3FFC-24-0000141 & 3FFC-24-0000368)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, and Wadsworth and Guidry, JJ.)

        In these consolidated appeals, Plaintiff-Appellant
State of Hawaiʻi (**State**) appeals from the following orders
entered in the Family Court of the Third Circuit (**Family Court**):
(1) the October 17, 2024 *Findings of Fact, Conclusions of Law and
Order Dismissing Case with Prejudice and Vacating the Order at
Docket #28*, entered in case number 3FFC-24-0000141 (**First Case**);
and (2) the January 17, 2025 *Order Granting Defendant's Motion to
Dismiss Count 3*, entered in case number 3FFC-24-0000368 (**Second
Case**) (together, **both cases**).[1]  The two orders dismissed with
prejudice a family abuse charge that had been brought against
Defendant-Appellee Justin Bondaug-Balucan (**Bondaug-Balucan**) in
both cases.

        On appeal, the State contends that the Family Court
erred or otherwise abused its discretion in dismissing this

_____

        [1]    The Honorable Darien W.L. Ching Nagata presided in the First Case,
and the Honorable Henry T. Nakamoto presided in the Second Case.

charge with prejudice in both cases.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the State's contentions as follows, and vacate.

## I.  Background

On April 1, 2024, the State charged Bondaug-Balucan by complaint in the First Case with Count 1, Petty Misdemeanor Abuse of a Family or Household Member in violation of Hawaii Revised Statutes (**HRS**) §§ 709-906(1) and (6) (Supp. 2023); Count 2, Felony Abuse of a Family or Household Member (Strangulation) in violation of HRS §§ 709-906(1) and (9)(a); and Count 3, Felony Abuse of a Family or Household Member (Presence of a Minor Less than 14 Years of Age) in violation of HRS §§ 709-906(1) and (10), based on an alleged March 31, 2024 incident involving his spouse.

On April 17, 2024, the State orally moved to dismiss the felony counts (Counts 2 and 3) without prejudice, and Bondaug-Balucan requested a continuance to consider a plea offer from the State.  The Family Court dismissed Counts 2 and 3 without prejudice and granted Bondaug-Balucan's request for a continuance.

On July 3, 2024, Bondaug-Balucan notified the Family Court that he wished to proceed with a trial, and the Family Court scheduled trial for September 11, 2024.

On September 9, 2024, the State recharged Bondaug-Balucan by information in the Second Case based on the March 31, 2024 incident that formed the basis of the charges in the First Case.  The Second Case charged Count 1, Felony Abuse of a Family or Household Member (Strangulation) in violation of HRS §§ 709-906(1) and (9)(a); Count 2, Misdemeanor Abuse of a Family or Household Member in violation of HRS §§ 709-906(1); and Count 3, Petty Misdemeanor Abuse of a Family or Household Member in violation of HRS §§ 709-906(1) and (6).

On September 11, 2024, the parties appeared for trial in the First Case, the State requested that the petty misdemeanor charge in the First Case (Count 1) be dismissed without

prejudice, and Bondaug-Balucan objected and requested that trial proceed. After hearing arguments of the parties, the Family Court dismissed the petty misdemeanor charge in the First Case with prejudice over the State's objection.

On October 31, 2024, Bondaug-Balucan filed a motion in the Second Case requesting dismissal of the petty misdemeanor charge (Count 3) with prejudice "because the charge has already been dismissed with prejudice." The Family Court granted Bondaug-Balucan's motion and dismissed the petty misdemeanor charge in the Second Case with prejudice.

The State filed notices of appeal in both cases, and we consolidated the appeals.

On appeal, the State contends: (1) in the First Case, "the [F]amily [C]ourt erred as a matter of law when it applied the . . . factors [identified in State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981), ]outside the context of a violation of [Hawaiʻi Rules of Penal Procedure (**HRPP**)] Rule 48"; (2) in the First Case, "the [F]amily [C]ourt abused its discretion by using its inherent powers to dismiss a charge with prejudice prior to a trial without finding a violation of due process or of prosecutorial misconduct amounting to a serious threat to the integrity of the judicial process"; and (3) in the Second Case, "the [F]amily [C]ourt abused its discretion and/or erred as a matter of law when it dismissed a charge with prejudice based solely upon the ruling in [the First Case]."

## II. Discussion

We find the State's second and third contentions, supra, dispositive.

We review a trial court's use of its inherent power to dismiss a criminal charge for abuse of discretion. State v. Mageo, 78 Hawaiʻi 33, 38, 889 P.2d 1092, 1097 (App. 1995) (citing State v. Moriwake, 65 Haw. 47, 57 n. 16, 647 P.2d 705, 713 n. 16 (1982)). "The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." State v. Plichta, 116 Hawaiʻi 200, 214, 172 P.3d 512,

526 (2007) (quoting State v. Rogan, 91 Hawaiʻi 405, 411, 984 P.2d 1231, 1237 (1999)).

In Moriwake, which concerned a trial court's dismissal of criminal charges with prejudice after two mistrials, the supreme court provided the following guidance for determining whether a dismissal should be with or without prejudice:

> Simply put, "it is a matter of balancing the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system." State v. Braunsdorf, . . ., 297 N.W.2d [808,] 817[ (Wis. 1980) (Day, J., dissenting)]. The factors which the trial court should consider in undertaking this balance include the following: (1) the severity of the offense charged; (2) the number of prior mistrials and the circumstances of the jury deliberation therein, so far as is known; (3) the character of prior trials in terms of length, complexity and similarity of evidence presented; (4) the likelihood of any substantial difference in a subsequent trial, if allowed; (5) the trial court's own evaluation of relative case strength; and (6) the professional conduct and diligence of respective counsel, particularly that of the prosecuting attorney. Cf. State v. Lundeen, 297 N.W.2d 232, 236 (Iowa App. 1980) (list of twelve "relevant considerations").

65 Haw. at 56-57, 647 P.2d at 712-13 (original brackets omitted).

In State v. Alvey, 67 Haw. 49, 678 P.2d 5 (1984), the supreme court held that the trial court abused its discretion in using its inherent power to dismiss an indictment charging a prison inmate with promoting prison contraband prior to a trial. Id. at 52-53, 678 P.2d at 7-8. The indictment was brought after prison disciplinary proceedings against the defendant were dismissed due to insufficient evidence. Id. Noting there was no asserted governmental misconduct or denial of due process, the supreme court concluded that "[j]udicial economy is . . . not a legitimate reason to dismiss an indictment prior to a defendant's first trial." Id. at 57, 678 P.2d at 11; see State v. Kapalski, No. CAAP-17-0000130, 2019 WL 2417753, at *9 (Haw. App. June 10, 2019) (mem. op.) (concluding circuit court abused its discretion by dismissing felony information with prejudice prior to a first trial absent a violation of due process or a showing of prosecutorial misconduct).

In State v. Correa, 124 Hawaiʻi 179, 184, 238 P.3d 706, 711 (App. 2010), this court held that the family court abused its discretion in dismissing an abuse of family or household member

charge with prejudice. The family court concluded that the State was not ready for trial because the deputy prosecuting attorney had not spoken to the complaining witness. Id. at 182-83, 238 P.3d at 709-10. This court recognized that a trial court has an interest in ensuring the preparedness of counsel to promote orderly functioning of the court system. Id. at 186, 238 P.3d at 713. However, "the family court, without sufficient justification, encroached upon the prosecuting attorney's prerogative to decide how to prepare his or her case for trial." Id. There was no claim that the deputy prosecuting attorney engaged in conduct that caused prejudice to the defendant. Id. at 187, 238 P.3d at 714. And this court recognized the State's "strong interest in prosecuting crimes involving domestic abuse." Id. at 185, 238 P.3d at 712. We concluded that "the State was entitled to have a trial on the merits of the abuse charge" and vacated the family court's order of dismissal with prejudice. Id. at 187, 238 P.3d at 714.

We reach a similar conclusion here. Again, the State has a strong interest in prosecuting family abuse offenses, and it is undisputed that the September 11, 2024 trial date was the first and only trial date set on the petty misdemeanor charge (Count 1) in the First Case. Prior to trial, the State recharged the petty misdemeanor offense alongside related misdemeanor and felony charges in the Second Case. While the Family Court concluded there was no explanation for the State's initial voluntary dismissal of the felony charges without prejudice in the First Case, the record makes clear that this dismissal was connected to plea negotiations — negotiations that appear to have ended when Bondaug-Balucan demanded a bench trial on July 3, 2024. It is true that Bondaug-Balucan and the Family Court may have been inconvenienced by trial not proceeding as scheduled — and the State's unfortunate failure to provide advance notice of its intentions. However, judicial economy is not a legitimate reason to dismiss an indictment prior to a defendant's first trial. See Alvey, 67 Haw. at 57, 678 P.2d at 11. Bondaug-Balucan did not identify any witnesses or evidence that would be lost if trial did not proceed as scheduled in the First

Case; rather, the Family Court determined he was prejudiced simply because he "prepared for a trial and expected an outcome to the petty misdemeanor charge on that trial day." There was no finding that the State's actions threatened the integrity of the judicial process or that Bondaug-Balucan would be denied due process if required to proceed in the Second Case.

In these circumstances, we conclude that the Family Court acted outside the scope of its discretion in dismissing Count 1 with prejudice in the First Case.

Because the Family Court dismissed the counterpart charge in the Second Case (Count 3) solely because of the dismissal in the First Case, the dismissal in the Second Case also exceeded the scope of the court's discretion.

For the reasons discussed above, we vacate (1) the October 17, 2024 *Findings of Fact, Conclusions of Law and Order Dismissing Case with Prejudice and Vacating the Order at Docket #28*, entered in case number 3FFC-24-0000141, and (2) the January 17, 2025 *Order Granting Defendant's Motion to Dismiss Count 3*, entered in case number 3FFC-24-0000368. In 3FFC-24-0000141, we remand the case to the Family Court with instructions to dismiss Count 1 without prejudice. In 3FFC-24-0000368, we remand the case to the Family Court with instructions to reinstate Count 3 and for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, August 4, 2026.

On the briefs:

Nathan A. Wersal,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellant.

Sonny Ganaden,
Deputy Public Defender,
for Defendant-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge